Rose, C. J.,
with whom Springer, J., agrees,
concurring in part and dissenting in part:
I concur with the majority opinion insofar as it reverses the judgment of conviction based upon the admission of evidence of the prior bad act. However, because I believe that the state violated appellant’s right not to be placed twice in jeopardy for the same offense, I dissent from that portion of the majority opinion which remands this matter to the district court.
The majority opinion concerns the second trial in this matter. The first began on February 11, 1991. After the jury was empaneled and opening statements were made, the victim’s father approached two jurors. Juror Gesh spoke briefly with the victim’s father, but did not discuss the case in any detail. Juror Youngblood saw the victim’s father look at Youngblood as she was walking out the door. The victim’s father did not say anything to Youngblood, but he looked at her “in a very different way” and he “came off in a fairly aggressive way, just by his looks.”
The state requested a mistrial. Appellant opposed the motion. Youngblood stated that she did not think that her contact with the victim’s father would affect her ability to go forward with the case and to render an impartial judgment. Gesh gave a similar statement. Eventually, after discussion with counsel, the district court concluded that Gesh would remain a juror and that the alternate would replace Youngblood. Appellant opposed the removal of Youngblood as a juror. The district court then permitted appellant to use his peremptory challenge against the alternate juror. The state informed appellant that he must either stipulate to an eleven-person jury or ask for a mistrial. After appellant refused to stipulate to the eleven-person jury, the district court declared a mistrial.
Although counsel failed to raise the double jeopardy issue, we may sua sponte raise issues of constitutional dimension. See Emmons v. State, 107 Nev. 53, 807 P.2d 718 (1991). In Hylton v. District Court, 103 Nev. 418, 743 P.2d 622 (1987), we stated:
A state may not put a defendant in jeopardy twice for the same offense. U.S. Const. amend. V; Nev. Const. art. 1, § 8. The double jeopardy clause of the fifth amendment directly applies to states under the due process clause of the fourteenth amendment.
*863 As a general rule, the prosecutor is entitled to one, and only one, opportunity to require an accused to stand trial. Retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused. Because of the variety of circumstances that may make it necessary to discharge a jury before a trial is concluded, and because those circumstances do not invariably create unfairness to the accused, the defendant’s valued right to have the trial concluded by a particular tribunal is sometimes subordinated to the public interest in alfording the prosecutor one full and fair opportunity to present the state’s evidence to an impartial jury.
The prosecutor has a heavy burden of justifying the mistrial in order to avoid the double jeopardy bar. The reviewing court must decide whether the declaration of a mistrial was dictated by “manifest necessity” or the “ends of public justice.” There are degrees of necessity; the United States Supreme Court requires a “high degree” before concluding that a mistrial is appropriate.
The United States Supreme Court has consistently refused to pronounce general rules delineating when the manifest necessity standard has been met; each case must turn on its facts.
In analyzing the facts of this case to determine if double jeopardy bars further prosecution, this court must make a two-part inquiry. We must first decide whether declaration of the mistrial was dictated by manifest necessity or the ends of justice and, second, in the presence of manifest necessity, whether the prosecutor is responsible for the circumstances which necessitated declaration of a mistrial.
Id. at 421-23, 743 P.2d at 624-25 (citations and footnotes omitted).
The facts of this case do not support a finding of “manifest necessity” as discussed in Hylton. The state contemplated the possibility of a mistrial at the time it unnecessarily requested the replacement of Youngblood and Gesh as jurors. The district court’s error in dismissing Youngblood was compounded by the fact that the proper procedure for peremptory challenges of alternates was not followed. See NRS 175.061. After the state notified the district court that the parties had not been provided the opportunity to use their peremptory challenges prior to the impanelling of the jury, the district court allowed appellant to challenge the alternate juror. The state then informed the district court that appellant must either waive his right to a twelve-person jury or request the mistrial. A criminal defendant is not required *864 to choose between his right to a trial by jury and his right not to be placed twice in jeopardy for the same offense.
The state has failed to meet its heavy burden of justifying the mistrial and thus may not avoid the double jeopardy bar. The declaration of a mistrial was not dictated by a manifest necessity. I would therefore reverse the judgment of conviction because the second trial in this matter was void as a violation of appellant’s constitutional right not to be placed twice in jeopardy for the same offense.